DAS:AMC/JDG/NR
F.#2011R00532

EXHIBIT
Court
#2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -                                 14 CR 248 (PKC)

MICHAEL GRIMM,

          Defendant.

- - - - - - - - - - - - - - - -X

## FACTUAL BASIS FOR GUILTY PLEA

The UNITED STATES OF AMERICA and the defendant MICHAEL GRIMM hereby stipulate and agree to the following facts in support of GRIMM's guilty plea in the above-captioned case.

      1.    From 2007 through 2009, MICHAEL GRIMM was a member in "Healthalicious," a restaurant located in New York, New York that operated through a corporate entity named Granny Sayz, LLC. In that capacity, GRIMM oversaw the day-to-day operations of the restaurant. Specifically, GRIMM reported the Healthalicious employees' pay-rates and their hours worked to the payroll processing companies retained to manage the restaurant's payroll, and he also distributed wages to employees. When GRIMM was not present at Healthalicious, he delegated those responsibilities to others.

      2.    From 2007 to 2010, MICHAEL GRIMM under-reported to federal and state tax authorities the true amount of money Healthalicious earned and used a portion of the restaurant's unreported receipts to pay the restaurant's employees' wages "off the books"

2

in cash. Healthalicious, with GRIMM's knowledge, employed individuals who were not lawfully admitted for permanent residence and not authorized to work in the United States.

3. Specifically, MICHAEL GRIMM under-reported the gross receipts Healthalicious earned to both the Internal Revenue Service ("IRS") and the New York State Department of Taxation and Finance ("the NYS Tax Department"), thereby lowering the federal and state income taxes owed and paid by Healthalicious partners. GRIMM concealed over $900,000 in the restaurant's gross receipts from an accountant who prepared and filed tax returns on behalf of Healthalicious (the "Accountant"). The Accountant used the information provided by GRIMM to prepare and file false federal and state tax returns for Healthalicious. These false returns were filed from Brooklyn, New York.

4. Additionally, MICHAEL GRIMM did not report to the IRS and the NYS Tax Department the cash or "off the books" wages he paid to Healthalicious workers, thereby lowering the restaurant's federal and state payroll taxes. Some Healthalicious employees received at least half their wages in cash. Other Healthalicious employees received all of their wages in cash. GRIMM maintained electronic spreadsheets which detailed the restaurant's true payroll information, including the cash wages, while concealing such cash wages from the payroll processing companies retained by Healthalicious. By under-reporting employee wages and concealing the existence of some employees, GRIMM caused the payroll processing companies to report to the IRS and the NYS Tax Department less than half of the wages Healthalicious actually paid its employees.


3

5. Further, as a result of the above, MICHAEL GRIMM caused false personal federal and New York State income tax returns to be filed with the IRS and the NYS Tax Department on his behalf. These personal tax returns falsely under-reported Grimm's partnership income from Healthalicious.

6. In addition to under-reporting wages and gross receipts to the IRS and the NYS Tax Department, MICHAEL GRIMM also under-reported the amount of Healthalicious payroll to the New York State Insurance Fund ("NYSIF"), lowering the monthly workers' compensation premium the restaurant paid to NYSIF.

7. In connection with the above, from 2007 through June 2010, MICHAEL GRIMM caused the following false filings to occur:

   a. Form 941 Employer's Quarterly Federal Tax Returns filed with the IRS for Healthalicious;

   b. Form 1065 U.S. Return of Partnership Income tax returns filed with the IRS for Healthalicious;

   c. Forms W-2 reporting annual wages of Healthalicious employees submitted to the IRS;

   d. GRIMM's Form 1040 U.S. Individual Income Tax Returns filed with the IRS;

   e. New York State Form ST-100 Quarterly Sales and Use Tax Returns filed with the NYS Tax Department; and

4

    f.  GRIMM's New York State Form IT-201 Resident Income Tax Returns filed with the NYS Tax Department.

  8.  As a result of MICHAEL GRIMM's above-described conduct, GRIMM caused federal and New York State tax and NYSIF premium losses of more than $80,000 and less than $200,000.

  9.  MICHAEL GRIMM knowingly and intentionally engaged in the conduct described in paragraphs 1 through 8 above, understanding his actions were unlawful and with the intent to secure an unlawful benefit, specifically, to secure a lower tax burden for Healthalicious.

  10.  On or about January 30, 2013, MICHAEL GRIMM testified under oath in a deposition in connection with a civil lawsuit pending in the United States District Court for the Southern District of New York. During the deposition, GRIMM testified that Healthalicious employees had not been paid in cash. GRIMM also testified that he did not generally correspond through email regarding the business of Healthalicious. GRIMM further testified that, to the extent he used email in connection with Healthalicious, he used a "Yahoo" account to which he no longer had access. In fact, GRIMM knew at the time of the deposition that Healthalicious employees had been paid by cash, as detailed above. In addition, at the time of the deposition, GRIMM knew that he had sent and received many emails related to Healthalicious and had accessed and continued to use an AOL email account which he did not identify in the deposition and which contained many emails related to Healthalicious.

5

11. The government is in a position to prove all of the above beyond a reasonable doubt. The facts detailed above serve only as a summary of the evidence were this case to proceed to trial and are not intended to be an exhaustive account of all the

6

evidence available to the government concerning the offenses charged in the Indictment in the above-captioned case.

Dated:    Brooklyn, New York
          December 22, 2014

                                      LORETTA E. LYNCH
                                      United States Attorney
                                      Eastern District of New York

By:  *[signature]*

                                      Anthony M. Capozzolo
                                      James D. Gatta
                                      Nathan Reilly
                                      Assistant United States Attorneys

*[signature]*

MICHAEL GRIMM
Defendant

*[signature]*

Jeffrey A. Neiman, Esq.
Daniel L. Rashbaum, Esq.
Stuart N. Kaplan, Esq.
Joseph G. Sconzo, Esq.
Counsel to Defendant